# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CRAIG THOMAS BATES,

      Plaintiff-Appellant,

         v.                              USDC Case No. 04-C-1160

MATTHEW J. FRANK,                     USCA Case No. 06-1645
KARL DRESEN,
MARK MANCHESTER,
RONALD MOLNAR,
CAPTAIN LOWMAN,
CAPTAIN DIEBOLD and
OFFICER WADE,

      Defendants-Appellees.

---

## ORDER

On December 3, 2004, the plaintiff, Craig Thomas Bates, who is presently incarcerated at the Stanley Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, along with a petition to proceed *in forma pauperis*. By order of July 28, 2005, the court screened the complaint pursuant to 28 U.S.C. §1915A and granted the plaintiff's motion for leave to proceed *in forma pauperis* with respect to four claims: (1) a Fourteenth Amendment due process claim against defendants Frank, Dresen and Manchester; (2) an Eighth Amendment claim against defendants Lowman, Calaway and Kratzer; (3) an equal protection claim against defendant Molnar; and (4) a retaliation claim against defendant Wade.

The defendants filed a motion to dismiss on September 23, 2005, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  On January 27, 2006, the court

converted the defendants' motion to dismiss into a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b). The court then determined that the defendants were entitled to summary judgment on plaintiff's Eighth Amendment, equal protection and retaliation claims because he had failed to exhaust his administrative remedies with respect to those claims under 42 U.S.C. § 1997e. In addition, the court ruled that defendants were entitled to summary judgment on the merits of plaintiff's due process claim under the Fourteenth Amendment. Judgment to this effect was entered by the Clerk of Court on January 27, 2006.

Presently before the court is the plaintiff's "Motion for Reconsideration of Summary Judgment in Favor of Defendants" (Docket #69) and "Petition for Leave to File and Proceed on Appeal *In Forma Pauperis*" (Docket #73). Both of these applications will be addressed herein.

## I. MOTION FOR RECONSIDERATION

The plaintiff purports to bring his motion for reconsideration pursuant to Rule 56(f), Federal Rules of Civil Procedure, which does not provide for the relief he seeks. Rather Rule 56(f) permits the court, when deciding a motion for summary judgment, to "refuse the application for judgment or . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . ." Thus, Rule 56(f), is not the appropriate vehicle by which to challenge a final judgment or order of the court.

Case 2:04-cv-01160-JPS    Filed 03/29/06    Page 2 of 9    Document 74

While there is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure, there are, however, Rules 59(e) and 60(b). The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. *Id.* A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *Id.* (internal quotation marks and citation omitted).

This motion is properly regarded as a Rule 60 motion since it was filed more than ten days after the entry of judgment.[1] Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

---

[1] Judgment was entered on January 27, 2006, and the motion for reconsideration was filed on February 13, 2006.

judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

In his motion, plaintiff states that the court erred in dismissing his case (with prejudice) without allowing him the benefit of conducting discovery. Specifically, plaintiff finds fault with the fact that his Eighth Amendment, Fourteenth Amendment equal protection and retaliation claims were dismissed on exhaustion grounds prior to discovery being conducted in this case. In his affidavit supporting his motion, plaintiff states that if he is "allowed to conduct discovery in this matter, [he] will demonstrate that [he] did, in fact, exhaust all 'available' administrative remedies prior to seeking a redress." (Plaintiff's Aff. at ¶2.)

The plaintiff's motion and affidavit show that plaintiff seeks to relitigate matters previously ruled on by the court. In resolving the motion for summary judgment, the court determined that the plaintiff failed to show that administrative remedies were unavailable to him as a result of his temporary hold status at the Racine Correctional Institution/Sturtevant Transitional Facility. Moreover, plaintiff filed a response to defendants' motion for summary judgment, but did not assert Rule 12(f) as a basis for denying the motion in his response.

A motion under Rule 60(b) cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Ill. Div. Of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors. *Russell*, 51 F.3d at

- 4 -

749; *see also Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 161 F.R.D. 355, 357 (N.D. Ill 1995) (citing *In re Oil Spill by Amoco Cadiz*, 794 F. Supp. 261, 267 (N.D. Ill. 1992)).

Notwithstanding the above, the court notes that the order of January 27, 2006, and the judgment that was entered that same date dismissed plaintiff's *action* "with prejudice." (Docket #67 and #68.) While plaintiff's Fourteenth Amendment due process claim was properly dismissed with prejudice, the plaintiff's remaining Eighth Amendment, Fourteenth Amendment equal protection and retaliation claims were dismissed for failure to exhaust and, therefore, were required to be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under §1997e(a) should be without prejudice.") (emphasis in original).

Rule 60(b)(1) provides for relief from final judgments that are the product of mistake, inadvertence, surprise or excusable neglect. "This provision applies to errors by judicial officers as well as parties." *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 984-985 (7th Cir. 1989). Thus, the court will order that the portion of the order and the judgment of January 27, 2006, which reads "IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice" shall be amended to read: "IT IS FURTHER ORDERED that the plaintiff's due process claim is DISMISSED with prejudice, and the plaintiff's remaining claims are DISMISSED without prejudice." In all other respects, plaintiff's motion for reconsideration will be denied.

## II. PETITION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On July 28, 2005, the plaintiff was granted leave to proceed *in forma pauperis*. (Docket #21.) A plaintiff who was allowed to proceed *in forma pauperis* in the district court does not ordinarily need to provide reasons for an appeal. *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). However, when *in forma pauperis* status has been denied, the appellant must file a motion that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).

There are three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence; the appeal is in bad faith; or the prisoner has three strikes. See 28 U.S.C. §§ 1915(a)(2)-(3), (g). Under Fed. R. App. P. 24(a), a party who has granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*.

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim,

that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's request to proceed *in forma pauperis* before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this court does not find any indication that the plaintiff's appeal is not taken in good faith. Thus, the court will grant the plaintiff's request to proceed *in forma pauperis* on appeal.

Under the Prison Litigation Reform Act of 1996, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $255.00 filing fee in advance for an appeal, he can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

The plaintiff has not filed a certified copy of his prison trust account statement and, therefore, the court is unable to calculate his initial partial filing fee. The plaintiff

should submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Failure to submit the trust account statement within 30 days of the date of this order will result in the dismissal of this appeal. *See Newlin v. Helman*, 123 F.3d 429, 434-35 (7th Cir. 1997), *rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee*, 209 F.3d 1025.

Accordingly,

**IT IS ORDERED** that the plaintiff's "Motion for Reconsideration of Summary Judgment in Favor of Defendants" (Docket #69) be and the same is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the portion of the order of January 27, 2006, (Docket #67) which reads "**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice" is amended to read: "**IT IS FURTHER ORDERED** that the plaintiff's due process claim is **DISMISSED** with prejudice, and the plaintiff's remaining claims are **DISMISSED** without prejudice." In all other respects, plaintiff's motion for reconsideration is denied.

**IT IS FURTHER ORDERED** that the portion of the judgment (Docket #68) which reads "**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice" shall be amended by the Clerk of Court to read: "**IT IS FURTHER ORDERED** that the plaintiff's due process claim is **DISMISSED** with prejudice, and the plaintiff's remaining claims are **DISMISSED** without prejudice."

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to appeal in forma pauperis (Docket #73) be and the same is hereby **GRANTED** because this court determines that this appeal has been taken in good faith.

**IT IS FURTHER ORDERED** that the plaintiff should submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Failure to submit the trust account statement within 30 days of the date of this order will result in the dismissal of this appeal.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge